UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROGER THOMPSON**<br>    **BOP#58030-004** | **CIVIL ACTION  NO. 2:13-CV-2841** |
| **VERSUS** | **JUDGE MINALDI** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is the *habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Roger Thompson.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"); he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons

**IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

The documentation produced by petitioner in this case as well as information gathered from matters pertaining to petitioner in other courts establishes the following chronology of events.

On March 25, 1999, following a jury trial, petitioner was convicted in the United States District Court for the Southern District of Florida (Miami Division) of two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *United*

*States v. Thompson,* No. 1:97-cr-662 (U.S. Dist Ct., S.D. Fla.), Doc. 1, p. 3. He was sentenced to serve 327 months imprisonment as to each count to run concurrently, followed by eight years of supervised release. *Id.*

Petitioner appealed his convictions and sentences to the United States Court of Appeals for the Eleventh Circuit. On January 17, 2001, the Eleventh Circuit affirmed his convictions and sentences. Doc. 1, p. 3. On April 24, 2002, petitioner filed a *habeas corpus* petition (28 U.S.C. § 2255) in the Southern District of Florida which was denied by the court on May 31, 2002. Thereafter he filed a *habeas corpus* petition (28 U.S.C. § 2241) in the Middle District of Florida (Ocala Division). *Thompson v. Warden, FCC Coleman*, No. 5:11-cv-297 (U.S. Dist. Ct., M.D.Fla.). This petition was dismissed with prejudice. *Id.*

On October 7, 2013, petitioner filed the habeas corpus application currently before this court. Petitioner asserts that, under the United States Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), he has been convicted of a non-existent offense making him actually innocent. Doc. 1, p. 4; Doc. 4, p. 6. Petitioner also claims that *Blakely v. Washington*, 124 S.Ct. 2531 (2004), rendered the sentencing scheme under which he was sentenced unconstitutional. Doc. 4, p. 7.

Based on the above, petitioner asks this court to vacate his conviction and sentence. Doc. 4, p. 8.

## II. LAW AND ANALYSIS

### A. 28 U.S.C. §2241

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates

to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his incarceration, not the execution of his sentence. Petitioner argues errors with regard to his federal conviction and challenges the sentence imposed. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

### B. The Savings Clause of 28 U.S.C. § 2255

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

### C. Lack of Retroactively Applicable Supreme Court Case

Petitioner relies on two recent Supreme Court cases that he claims should be retroactively applied to his case.

Petitioner first contends that the recent Supreme Court decision in *Alleyne v. United States,* 133 S.Ct. 2151 (2013) entitles him to relief in this collateral proceeding. Petitioner relies on the holding of *Alleyne,* which stated:

> Any fact that, by law increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne,* 133 S.Ct. at 2155 (citations omitted). Based on this holding, petitioner claims that his Sixth Amendment rights were violated because a jury was required to find beyond a reasonable doubt that he possessed a specific quantity of drugs. Doc. 1, p. 1. Thus, he claims that his conviction is unconstitutional as a matter of law.

Contrary to petitioner's contentions, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

Although the Fifth Circuit has yet to rule on the issue, other courts have consistently held that *Alleyne* is not retroactive.[1] In addition, *Alleyne* is an extension of *Apprendi v. New Jersey*,

---

[1] *See Simpson v. United States*, 721 F.3d 875, 875–76 (7th Cir. July 10, 2013); *United States v. Stewart*, 2013 WL 4553349 at *1 (S.D. Miss., Aug. 28, 2013); *Smith v. Holland*, 2013 WL 4735583 at *4 (E.D. Ky., Sept. 3, 2013); *Mingo v. United States*, 2013 WL 4499249 at *2 (W.D. Mich., Aug. 19, 2013); *United States v. Ailsworth*, 2013 WL 4011072 at *1 (D. Kan., Aug. 6, 2013); *United States v. Cantu–Rivera*, 2013 WL 3873281, at 1 (S.D. Tex., July 24, 2013); *United States v. Eziolisa*, 2013 WL 3812087 at * 3 (S.D. Ohio, July 22, 2013); *Carter v. Coakley*, 2013 WL 3365139 at * 4 (N.D. Ohio, July 3, 2013).

530 U.S. 466, (2000) wherein the Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review. *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004). Therefore, there is nothing to suggest that *Alleyne* will be applied retroactively.

Petitioner also relies on the Supreme Court's decision in *Blakely* v. *Washington,* 124 S.Ct. 2531 (2004), which he alleges rendered the sentencing scheme under which he was sentenced unconstitutional. In *In re Elwood* the Fifth Circuit noted that the Supreme Court has not expressly made *Blakely* retroactive. *In re Elwood*, 408 F.3d 211 (5th Cir.2005)(citing *Schriro, supra.*). In that case the court stated, "the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely*...do not apply retroactively on collateral review." 408 F.3d at 213.

Based on the above, it is clear that petitioner has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. Since he has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section 2255.

### III. CONCLUSION

Petitioner is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255. Thus, he may not avail himself of § 2241 relief in this case.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE